UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORRIS L. JACKSON-EL,

    Plaintiff,

v.                                               Case Number: 11-cv-10836
                                                Honorable Patrick J. Duggan

FIRST NAME UNKNOWN
SPIKER,

    Defendant.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL AND DENYING PLAINTIFF'S MOTION FOR IMMEDIATE CONSIDERATION AS MOOT

On March 1, 2011, Plaintiff Corris L. Jackson-El filed a *pro se* civil rights action for monetary relief under 42 U.S.C. § 1983 against Defendant (first name unknown) Spiker ("Defendant").  Plaintiff has been incarcerated at the Oakland County Jail in Pontiac, Michigan, since January 30, 2010.  His anticipated release date is June 15, 2011.  Defendant (First Name Unknown) Spiker is employed at the jail as a Classification Supervisor.  On March 9, 2011, Plaintiff filed a motion for immediate consideration.

Plaintiff's Complaint indicates that, "[o]n November 2, 2010, a Judgment of Sentence was entered against Plaintiff to do 365 days in the Oakland County Jail [and] to participate in OCJ Life and Employment Skill's Program [LESP] as well as DNA testing."  (Compl. ¶ 1.)  Plaintiff states that he was interviewed and scheduled to participate in the LESP program on January 12, 2011.  However, he subsequently received a note stating that he was "not eligible for annex housing per classification" and

therefore would not be placed in the LESP program because of "past events." (Compl. ¶ 2.) Plaintiff alleges that Defendant's actions violated his due process rights. He claims that he has not received any infractions nor has he had any behavioral problems that would deny him participation in the program.

The Court has granted Plaintiff leave to proceed *in forma pauperis*.[1] The Court is required to dismiss any action brought by a plaintiff proceeding *in forma pauperis,* or certain actions filed by a prisoner, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1015A. The Court must read a *pro se* complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S.Ct. 1728, 1733 (1992). Applying those standards, the Court summarily dismisses Plaintiff's Complaint for failure to state a claim.

"To state a claim under § 1983, a plaintiff must set forth facts that, when construed favorably, establish: 1) the deprivation of a right secured by the Constitution or laws of

---

[1] Plaintiff previously filed a civil rights action in this District raising claims regarding his security classification and work. *Jackson v. Caruso*, No. 07-cv-10791 (E.D. Mich. filed Feb. 22, 2007). The case was assigned to Judge Anna Diggs Taylor, who summarily dismissed the complaint finding that Plaintiff was a "three striker." *Jackson v. Caruso*, No. 07-cv-10791 (E.D. Mich. Aug. 7, 2007). Plaintiff has filed approximately ten civil rights actions. Based on this Court's review of the case dockets, only one of Plaintiff's complaints was dismissed as frivolous; the remaining cases were dismissed for failure to exhaust and on summary judgment grounds. Thus, it appears to this Court that Plaintiff is not a three-striker.

the United States; 2) caused by a person acting under the color of state law." *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009) (citing *Dominguez v. Corr. Med. Serv.*, 555 F.3d 543, 549 (6th Cir. 2009)). While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555-56, 127 S. Ct. at 1965 (citations and footnote omitted).

To the extent Plaintiff alleges that he has a right to certain housing and to participate in a particular program, he fails to state a claim upon which relief may be granted. Plaintiff neither has a federally cognizable liberty interest in being transferred to specific housing nor in participating in a particular program.

The Supreme Court squarely has held that a prisoner has no liberty interest in being incarcerated at a particular prison facility. *See Meachum v. Fano*, 427 U.S. 215, 225, 96 S. Ct. 2532 (1976). Additionally, federal courts consistently have found that prisoners have no constitutionally protected liberty interest in prison vocational, rehabilitation, and educational programs based on the Fourteenth Amendment. *See*, *e.g.*, *Moody v. Daggett*, 429 U.S. 78, 88, n.9, 97 S. Ct. 274 (1976) (noting that the Due Process Clause is not implicated by prisoner classification and eligibility for rehabilitative

programs, even where inmate suffers "grievous loss"); *see also Argue v. Hofmeyer*, 80 F.App'x 427, 429 (6th Cir. 2003) (finding that prisoners have no constitutional right to rehabilitation, education or jobs); *Canterino v. Wilson*, 869 F.2d 948, 952-54 (6th Cir. 1989) (indicating that there is no constitutional right to rehabilitation); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (indicating that there is no constitutional right to prison employment); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) ("[N]o prisoner has a constitutional right to a particular job or to any job").

The Court therefore concludes that, because Plaintiff has no constitutional right to be transferred to specific housing or to participate in the LESP, he fails to state a claim upon which relief may be granted.

Accordingly,

**IT IS ORDERED**, that Plaintiff's Complaint is **SUMMARILY DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b);

**IT IS FURTHER ORDERED**, that Plaintiff's motion for immediate consideration is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED**, that an appeal from this decision could not be taken in good faith. Therefore, Plaintiff may not proceed without prepayment of the appellate fees and costs if he files an appeal. 28 U.S.C. § 1915(a)(3).

Dated: May 4, 2011                          s/PATRICK J. DUGGAN
                                            UNITED STATES DISTRICT JUDGE

Copy to:

Corris L. Jackson-El, #70112
1200 N. Telegraph Rd.
Pontiac, MI 48343

5